Michael T. Sullivan
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
(212) 660-3000
msullivan@sullivanlaw.com
*Attorneys for Zeichner Ellman & Krause LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 7 |
| ORLY GENGER, | Case No. 19-13895 (JLG) |
| Debtor. | |

------------------------------------------------------------X

| | |
|---|---|
| DEBORAH J. PIAZZA, as Successor CHAPTER 7 TRUSTEE of the Bankruptcy Estate of Orly Genger, | |
| Plaintiff, | Adv. Pro. No. 21-01172 (JLG) |
| -against- | |
| ZEICHNER ELLMAN & KRAUSE LLP, | |
| Defendant. | |

------------------------------------------------------------X

## NOTICE OF HEARING ON DEFENDANT
## ZEICHNER ELLMAN & KRAUSE LLP'S MOTION TO DISMISS

PLEASE TAKE NOTICE that on September 17, 2021, Zeichner Ellman & Krause LLP

("Defendant" or "ZEK") filed the attached motion to dismiss the complaint filed by Deborah J.

Piazza, as Successor Chapter 7 Trustee of the Bankruptcy Estate of Orly Genger (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion shall be held before

the Honorable James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of

New York, in Courtroom 723 of the United States Bankruptcy Court located at One Bowling

Green, New York, New York 10601, on December 9, 2021 at 10:00 a.m. (prevailing Eastern

Time).

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion, shall be filed with the Bankruptcy Court so as to be *actually received* no later than December 2, 2021, at 4:00 p.m. (prevailing Eastern Time).

Dated: New York, New York
       September 17, 2021

**SULLIVAN & WORCESTER LLP**

By: /s/ Michael T. Sullivan
    Michael T. Sullivan
    Anna Lea Setz
1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile:  (212) 660-3001
msullivan@sullivanlaw.com
asetz@sullivanlaw.com

*Attorneys for Defendants Zeichner Ellman & Krause LLP*

4829-5479-1419, v.2

**Hearing Date and Time: December 9, 2021 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: December 2, 2021 at 4:00 p.m. (prevailing Eastern Time)**

Michael T. Sullivan
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, New York 10019
(212) 660-3000
msullivan@sullivanlaw.com
*Attorneys for Zeichner Ellman & Krause LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

In re       Chapter 7

ORLY GENGER,       Case No. 19-13895 (JLG)

              Debtor.

------------------------------------------------------X

DEBORAH J. PIAZZA, as Successor CHAPTER 7
TRUSTEE, of the Bankruptcy Estate of Orly
Genger,

            Plaintiff,       Adv. Pro. No. 21-01172 (JLG)

    -against-

ZEICHNER ELLMAN & KRAUSE LLP,

            Defendant.

------------------------------------------------------X

**<u>DEFENDANT ZEICHNER ELLMAN & KRAUSE LLP'S</u>**
**<u>MOTION TO DISMISS THE TRUSTEE'S COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................. ii

Preliminary Statement .........................................................................................................1

Background ...........................................................................................................................1

Argument .............................................................................................................................4

I.       Legal Standard For A Motion To Dismiss ..............................................................4

II.      The Trustee's Malpractice Claim Is Barred By The Relevant Statutes Of Limitations ......5

III.     The Complaint Fails To State A Malpractice Claim Because It Does Not Sufficiently Allege Facts Of Negligence, Causation Or Damages ...........................................................9

         A.       Legal standard for malpractice claims .......................................................9

         B.       The Complaint fails to state facts that ZEK has acted negligently ...........9

         C.       The Complaint fails to state proximate causation ..................................12

         D.       The Complaint fails adequately to allege damages .................................14

IV.      Amendment Will Be Futile ...................................................................................15

Conclusion .........................................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                              **Page(s)**

*Achtman v. Kirby, McInerney & Squire, LLP,*
    464 F.3d 328 (2d Cir. 2006) ........................................................................2, 5, 9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...................................................................................4, 10

*Bastys v. Rothschild*,
    154 F. App'x 260 (2d Cir. 2005)........................................................................5

*Braten v. Kaplan*,
    721 F. App'x 94 (2d Cir. 2018)......................................................................5, 6

*Brookwood Cos., Inc. v. Alston & Bird LLP*,
    146 A.D.3d 662 (1st Dep't 2017)......................................................................11

*Brooks v. Lewin*,
    21 A.D.3d 731 (1st Dep't 2005)......................................................................13

*Bua v. Purcell & Ingrao, P.C.*,
    99 A.D.3d 843 (2d Dep't 2012) ......................................................................14

*Buchwald v. Renco Grp., Inc. (In re Magnesium Corp. of Am.)*,
    399 B.R. 722 (Bankr. S.D.N.Y. 2009) ...........................................................6, 8, 9

*CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz,*
    No. 14-cv-6566 (RJS), 2019 U.S. Dist. LEXIS 228774 (S.D.N.Y. Oct. 9, 2019) ...........15, 16

*Duran v. Moody*,
    Case No. 11 Civ. 6155 (LTS)(JLC),
    2012 U.S. Dist. LEXIS 97977 (S.D.N.Y. July 11, 2012)........................................13

*Dweck Law Firm, LLP v. Mann*,
    283 A.D.2d 292, (1st Dep't 2001)......................................................................12

*Esposito v. Chestnut*,
    Case No. 18 Civ. 11245 (PGG),
    2020 U.S. Dist. LEXIS 86981 (S.D.N.Y. May 16, 2020)................................................10, 16

*Even Street Prods., Ltd. v. Shukat Arrow Hafer & Weber, LLP*,
    643 F. Supp. 2d 317 (S.D.N.Y. 2008) ...............................................................12

*Franzone v. Lask*,
    No. 14 Civ. 3043 (GHW), 2016 U.S. Dist. LEXIS 103366 (S.D.N.Y. Aug. 5, 2016)..............5

*Genger v. Genger*,
    76 F. Supp. 3d 488 (S.D.N.Y. 2015), *aff'd*, 663 Fed. App'x 44 (2d Cir. 2016) .................. 5-6

*Genger v. Genger (In re Genger)*,
    Case No. 19-13895-JLG, 2021 Bankr. LEXIS 2190 (Bankr. S.D.N.Y. Aug. 12, 2021) ..........2

*Global Network Commc'ns, Inc. v. City of N.Y.*,
    458 F.3d 150 (2d Cir. 2006) ........................................................................... 2, 4-5

*Johnson v. Priceline.com, Inc.*,
    711 F.3d 271 (2d Cir. 2013) ..................................................................................4

*Joseph DelGreco & Co. v. DLA Piper L.L.P.*,
    899 F. Supp. 2d 268 (S.D.N.Y. 2012) ...................................................................10

*Lindenman v. Kreitzer*,
    7 A.D.3d 30 (1st Dep't 2004) ................................................................................9

*McCord v. O'Neill*,
    369 F. App'x 237 (2d Cir. 2010) ...........................................................................9

*Murphy v. Morlitz*,
    No. 15 Civ. 7256 (VSB), 2017 U.S. Dist. LEXIS 154440 (S.D.N.Y. Sep. 21, 2017) ..............4

*Pellegrino v. File*,
    291 A.D.2d 60 (1st Dep't 2002) ...........................................................................15

*Prout v. Vladeck*,
    316 F. Supp. 3d 784 (S.D.N.Y. 2018) .............................................................13, 14

*Rosner v. Paley*,
    65 N.Y.2d 736 (1985)................................................................................9, 10, 12

*Rubens v. Mason*,
    527 F.3d 252 (2d Cir. 2008) ..........................................................................12, 13

*Schweizer v. Mulvehill*,
    93 F. Supp. 2d 376 (S.D.N.Y. 2000) ...............................................................14, 15

*Stuart v. American Cyanamid Co.*,
    158 F.3d 622 (2d Cir. 1998) ..................................................................................5

*Utts v. Bristol-Myers Squibb Co.*,
    226 F. Supp. 3d 166 (S.D.N.Y. 2016) ....................................................................4

*WGH Communs. v. Penachio Malara LLP*,
   Case No. 19 Civ. 2230 (LTS) (SLC),
   2020 U.S. Dist. LEXIS 221869 (S.D.N.Y. Nov. 24, 2020) ...................................................10

*Windsor Sec., LLC v. Arent Fox LLP*,
   No. 16 Civ. 1533 (GBD), 2019 U.S. Dist. LEXIS 55685 (S.D.N.Y. Mar. 27, 2019).........9, 12

**Rules**

11 U.S.C.S. § 108..................................................................................................................9

CPLR § 214...........................................................................................................................5

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 4

Fed. R. Civ. P. 15(a)(B) .......................................................................................................15

**(Memorandum of Law Incorporated)**

1.      Defendant Zeichner Ellman & Krause LLP ("ZEK" or "Defendant"), pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedures ("Fed. R. Civ. P."), made applicable

herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

hereby moves to dismiss the complaint, Docket. No. 489 (the "Complaint"), commencing the

above-captioned adversary proceeding (the "Adversary Proceeding") filed by Plaintiff Deborah

J. Piazza, as Successor Chapter 7 Trustee, of the Bankruptcy Estate of Orly Genger ("Trustee"),

and requests entry of an order substantially in form attached hereto as **Exhibit 1** (i) dismissing

the Complaint with prejudice and (ii) immediately closing the Adversary Proceeding, and

respectfully represents as follows:

**Preliminary Statement**

2.      The Trustee purports to assert a single claim for lawyer malpractice.  While

remarkably lacking in detail, the Complaint still makes abundantly clear that all events on which

the Trustee relies occurred in or before 2014, and, as a result, that claim is time-barred by the

statute of limitations, which expired no later than December 2018.[1]   Further, as demonstrated

below, amendment would be futile.  Accordingly, we respectfully ask the Court to dismiss the

Complaint with prejudice.

**Background**

3.      Orly Genger ("Orly" or "Debtor") filed her bankruptcy petition on July 12, 2019.

Compl. ¶16.  The Trustee's Complaint was filed on July 12, 2021.  It concerns legal services

provided by ZEK to Orly in various lawsuits:  *Orly Genger v. Sagi Genger*, Index No.

100697/2008 (Supreme Court, NY Cty) ("2008 Action"); *Orly Genger v. Dalia Genger,* Index

---

[1] This assumes full application of a "tolling agreement" between Orly and ZEK from its stated effective date, January 9, 2017, through its stated outside expiry date, January 1, 2018.

No. 109749/2009 (Supreme Court, NY Cty) ("2009 Action"); and *Sagi Genger v. Orly Genger*,

S.D.N.Y. Case No. 14-cv-5683 ("2014 Action" and, together with the 2008 and 2009 Actions,

"Disputed Actions").  Compl. ¶¶11-15.[2]  The Disputed Actions all involve, in one way or

another, grievances among members of the Genger family.[3]  The Trustee alleges that ZEK

represented Orly from 2009 until January 2017 (Compl. ¶7) and further alleges, in largely

conclusory terms, that ZEK committed malpractice in connection with the Disputed Actions.

4.      Significantly, the Trustee acknowledges that a different law firm and different

lawyers—Kasowitz Benson Torres LLP ("KBT") and some of its partners—began representing

Orly in the Disputed Actions no later than "early 2015."  Compl. ¶¶9, 12.  To be clear, and as

detailed below, KBT's representation was substantial.  For example, in January 2015, KBT

partners Eric Herschmann and Michael Bowen served as Orly's lead counsel for the 2008

Action's trial.[4]

5.      Thus, it is obvious—and ZEK assumes undisputed—that the professional

relationship between KBT partners and Orly began before "early 2015:  It goes without saying

---

[2] The Complaint also refers to two other actions:  *Arie Genger. v. Sagi Genger*, Index No. 651089/2010 ("2010 Action") and *Dalia Genger v. Sagi Genger*, S.D.N.Y. Case No. 17-cv-8181 ("2017 Action").  ZEK did not represent Orly in the 2017 Action, and the Trustee makes no allegations of wrongdoing by ZEK in connection with either case.

[3] We appreciate that the Court is well-aware of the Genger family saga.  *See, e.g., Genger v. Genger (In re Genger)*, Case No. 19-13895-JLG, 2021 Bankr. LEXIS 2190 (Bankr. S.D.N.Y. Aug. 12, 2021).

[4] *See* Trial Transcript at at 8:6-12, Exhibit E to the accompanying Declaration of Michael T. Sullivan, dated September 17, 2021 ("Sullivan Decl."):

> THE COURT: And, you know, just before we go any further, it's going to be Mr. Leinbach [ZEK] speaking mostly for plaintiff; is that so?
> HERSCHMANN: I can answer. Your Honor, I will be lead trial counsel.
> THE COURT: You are lead trial counsel?
> HERSCHMANN: I am. And Michael Bowen also.

The Court may take judicial notice of the record in the underlying case. *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (permitting judicial notice of such records) and *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 338 (2d Cir. 2006) ("judicial notice may be taken of the contents of documents in other legal proceedings") (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

that to assume "lead counsel" responsibilities in a multiday trial that began on January 29, 2015, KBT attorneys were involved earlier still.

6.      In any event, the Trustee alleges that "after KBT was retained [by Orly] in early 2015—initially as co-counsel with ZEK, KBT began researching the history of the Genger litigations and eventually learned that there had been serious flaws with ZEK's litigation strategies and decisions . . ."  Compl. ¶12.

7.      With respect to the 2008 Action, the Trustee alleges that ZEK "failed to pursue sufficient discovery" to prove the "full extent" of Orly's damages, Compl. ¶14, even as the Trustee concedes that "[w]ith KBT's help," Orly still prevailed on her fraud claim against the defendant, her brother Sagi Genger.  *Id*. ¶14.

8.      With respect to the 2009 Action, the Trustee alleges that ZEK failed to pursue certain claims against Orly's brother Sagi, but admits that ZEK prevailed on the claims that were pled, Compl. ¶13, and further admits that the decision in the 2009 Action is subject to a pending appeal.  *Id*.

9.      With respect to the 2014 Action, in which Orly was sued by her brother Sagi, the Trustee alleges that ZEK failed to take discovery, in particular the deposition of Orly's mother, Dalia Genger, that in some unexplained way was "necessary to defend the action" (Compl. ¶15).

10.     As set forth below, the Trustee's claim is time-barred.  *See* Point II, below.  The Complaint also fails to state a malpractice claim because it does not sufficiently allege facts demonstrating negligence, causation, or damages.  *See* Point III, below.  Further, any request to amend would be futile because the malpractice claim is time-barred.  *See* Points II and IV, below.  For these reasons, the Court should dismiss the Complaint with prejudice.

**Argument**

I.      **Legal Standard For A Motion To Dismiss**

11.      Rule 12(b)(6) mandates dismissal unless a complaint contains sufficient factual allegations to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted); *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (a "complaint must allege sufficient facts, taken as true, to state a plausible claim for relief"). "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action, and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Murphy v. Morlitz*, No. 15 Civ. 7256 (VSB), 2017 U.S. Dist. LEXIS 154440, at *10 (S.D.N.Y. Sep. 21, 2017) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)).  While the Court must accept "well-pleaded factual allegations" as true, it cannot accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678-79.  A complaint is legally insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

12.      This Court is not constrained to the four corners of a complaint when allegations are, in fact, false or implausible.  "In deciding a motion to dismiss, the court considers any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Utts v. Bristol-Myers Squibb Co.*, 226 F. Supp. 3d 166, 175 (S.D.N.Y. 2016) (internal citations and quotation marks omitted).  Further, the Court can take judicial notice of the record in the underlying cases, namely the 2008, 2009, and 2014 Actions. *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (permitting

judicial notice of such records) and *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328,

338 (2d Cir. 2006) ("judicial notice may be taken of the contents of documents in other legal

proceedings") (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

## II.  The Trustee's Malpractice Claim Is Barred By The Relevant Statutes Of Limitations

13.   Legal malpractice claims in New York are subject to a three-year statute of

limitations.  CPLR §214; *see Bastys v. Rothschild*, 154 F. App'x 260, 262 (2d Cir. 2005)

("[P]laintiff's malpractice claim is subject to New York's three-year statute of limitations");

*Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) ("[A] federal court sitting in

New York must apply the New York . . . statutes of limitations.").  "'An action to recover

damages for legal malpractice accrues when the malpractice is committed.'"  *Franzone v. Lask*,

No. 14 Civ. 3043 (GHW), 2016 U.S. Dist. LEXIS 103366, at *13-14 (S.D.N.Y. Aug. 5, 2016)

(quoting *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166 (2001) (noting importance of when

malpractice was committed, not when client discovers it)); *Braten v. Kaplan*, 721 F. App'x 94,

95 (2d Cir. 2018) ("[a] malpractice claim accrues when all the facts necessary to the cause of

action have occurred and an injured party can obtain relief in court, even if the injured party is

ignorant of the defendant's conduct").  As such, claims predicated on events occurring *prior to

July 20, 2015*[5]—nearly four years before Orly filed the bankruptcy petition—are time-barred.

As the record makes clear, the Trustee's Complaint is time-barred.

14.   Although the Complaint is short on detail, the most recent event alleged concerns

the 2014 Action:  the Trustee alleges that ZEK failed to take certain discovery, allowing the

Debtor's brother Sagi to prevail on his motion for summary judgment. Compl. ¶15.  The District

Court's decision granting Sagi's motion for summary judgment was entered on January 5, 2015

---

[5] This gives full effect to a "tolling agreement" and the period of 357 days provided therein. *See* fn 1, above.

(Sullivan Decl. Exhibit F: *Genger v. Genger*, 76 F. Supp. 3d 488 (S.D.N.Y. 2015), *aff'd*, 663 F. App'x 44 (2d Cir. 2016)).  Any alleged discovery-related malpractice would have necessarily occurred before the District Court's January 2015 decision, *i.e.*, sometime in 2014; and any related malpractice claim is time-barred.

15.     With reference to the 2008 Action, the Trustee also refers only to alleged discovery failings.  But necessarily, any such failings occurred prior to April 2014, when ZEK filed a Note of Issue on behalf of Orly, certifying, *inter alia*, that discovery had been completed. Docket No. 232.  Sullivan Decl. Exhibit B.  Any related malpractice claim is time-barred.

16.     With respect to the 2009 Action, the Trustee alleges that ZEK drafted a complaint that "focused" on certain damages but did not "pursue" other damages.  The pleading about which the Trustee complains, the Second Amended Verified Complaint, was filed on August 11, 2010, nearly nine years before Orly filed her petition.  Docket No. 83.  Sullivan Decl. Exhibit C. Any related malpractice claim is time-barred.

17.     The Trustee alludes to, but carefully avoids pleading, the continuing representation doctrine.  That doctrine allows for tolling the statute of limitation, but only in the presence of a "developing and dependent relationship" between client and lawyer.  *See Buchwald v. Renco Grp., Inc. (In re Magnesium Corp. of Am.)*, 399 B.R. 722, 749 (Bankr. S.D.N.Y. 2009) ("To invoke the continuous representation doctrine, a plaintiff must satisfy a two-pronged test demonstrating (1) ongoing representation connected to the specific matter at issue in the malpractice action, and (2) clear indicia of an ongoing, continuous, *developing and dependent relationship* between the client and the attorney") (quotations omitted; emphasis added); *see also Braten*, 721 F. App'x at 96 (denying the application of the continuous representation doctrine where the client retained new representation). The doctrine has no application to this proceeding.

18.     While ZEK did not formally withdraw from the Disputed Actions until early 2017, it was effectively replaced by KBT much earlier when it was relegated to a decidedly secondary role that was no longer "developing and dependent" as to Orly.

19.     KBT's Herschmann and Bowen filed formal appearances in the 2008 Action on January 26, 2015.  Sullivan Decl. Exhibits H and I.  Each also filed appearances in the 2009 Action.  Sullivan Decl. Exhibits J and K.  KBT's Sarmad Mostafa Khojasteh appeared on Orly's behalf in the 2014 Action on January 16, 2015, and KBT's Herschmann and Bowen appeared in the 2014 Action on February 4 and 3, 2016, respectively.  ECF 96, 105, and 106.

20.     It is undeniable and, we assume, undisputed, that by the time KBT attorneys formally appeared, ZEK's role had already been substantially diminished.  In any event, immediately upon their formal appearances in January 2015, KBT lawyers publicly declared and assumed the role of "lead counsel." *See, e.g.*, fn. 4, above.

21.     Court records reflect ZEK's further diminishing role.  The docket for the 2008 Action reveals approximately 50 separate submissions (excluding exhibits) by KBT's Herschmann and Bowen after their February 3, 2015 appearances (which followed their January 29, 2015 assumption of the role of as sole lead counsel).  During the same time, the docket reflects approximately 24 submissions by ZEK attorneys (excluding exhibits but including various stipulations and transcripts).  ZEK's last   submission in the 2008 Action, filing a transcript, was filed on October 23, 2015.  Sullivan Decl. Exhibit B, Docket No. 1042.

22.     The docket for the 2009 Action reflects approximately 69 separate submissions (exclusive of exhibits) by KBT's Herschmann and Bowen after their February 2, 2015 appearances.  For the same period, the docket reflects approximately 25 submissions by ZEK attorneys (excluding exhibits, but including transcripts and various stipulations), with ZEK's last submission filed on October 28, 2015 (a transcript, Docket No. 1043) and February 19, 2016 (a

7

one page letter, Docket No. 1048).  Sullivan Decl. Exhibit C.  The court dockets for both actions

reveal numerous, substantial submissions by KBT lawyers both well before and after ZEK's last.

*Id*.

23.     Similarly, ZEK's last substantive submission in the 2014 Action was February 19,

2015.  Sullivan Decl. Exhibit D, ECF 110.  By that time, three KBT attorneys had filed

appearances on behalf of Orly.  Sullivan Decl. Exhibits L, M and N.  KBT alone appealed that

court's decision January 5, 2015 decision, having assumed the entirety of Orly's representation.

*See*, *e.g.*, Sullivan Decl. Exhibit O.  ZEK did not appear in the appeal to the Second Circuit.  *See*

Court of Appeals Docket No. 15-1222.

24.     Certainly, by not later than January 2015, Orly's professional relationship was—

at a minimum—no longer "developing" with or "dependent" on ZEK, but instead reposed fully

with KBT lawyers.  *Buchwald,* 399 B.R. at 749.

25.     Here it merits underscoring that the Court need not resolve the precise extent to

which KBT was "in charge."  Rather, it is sufficient that Orly retained and relied on KBT to

review the work of ZEK (Compl. ¶12), which alone establishes that no later than early 2015,

Orly's relationship with ZEK was no longer "developing and dependent."  *Buchwald,* 399 B.R.

at 749.

26.     It also must be noted that KBT's Eric Herschmann and Orly were formally

married in September 2016. Sullivan Decl. Exhibit G.  We assume that the Trustee will not

dispute that Orly and Mr. Herschmann began their personal relationship not later than 2014.

Against these facts and the clear record of the court dockets, it is simply not credible to assert

that Orly's relationship with ZEK was "developing and dependent" after 2014.  Indeed, the

record is clear that Orly's relationship was instead developing with and dependent on KBT

lawyers.

27.    Thus, there is no basis for tolling the statute of limitation.[6]

### III. The Complaint Fails To State A Malpractice Claim Because It Does Not Sufficiently Allege Facts Of Negligence, Causation Or Damages

#### A. Legal standard for malpractice claims

28.    Under New York law, "[a] plaintiff's burden of proof in a legal malpractice action is a heavy one." *Lindenman v. Kreitzer*, 7 A.D.3d 30, 34 (1st Dep't 2004). To state a claim for legal malpractice, "a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citing *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 170 A.D.2d 108, 114 (1st Dep't 1991)); *see also McCord v. O'Neill*, 369 F. App'x 237, 239 (2d Cir. 2010) (same).

#### B. The Complaint fails to state facts that ZEK has acted negligently

29.    "To properly plead negligence, a party must aver that an attorney's conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession." *Achtman*, 464 F.3d at 337 (quotation omitted). However, an "attorney 'is not held to the rule of infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt.'" *Windsor Sec., LLC v. Arent Fox LLP*, No. 16 Civ. 1533 (GBD), 2019 U.S. Dist. LEXIS 55685, at *19-20 (S.D.N.Y. Mar. 27, 2019) (quoting *Williams v. Havas*, No. 96 Civ. 7258, 1996 U.S. App. LEXIS 28084 (2d Cir. Oct. 30, 1996)). "A complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice." *Id.* (quoting *Rosner v. Paley*,

---

[6] Section 108 of the Bankruptcy Code, on which the Trustee apparently would rely, is inapplicable: it extends for two years the limitation period applicable to claims that were not time-barred at the commencement of a bankruptcy case. *See* 11 U.S.C.S. § 108; *Buchwald v. Renco Grp., Inc. (In re Magnesium Corp. of Am.)*, 399 B.R. 722, 743 (Bankr. S.D.N.Y. 2009) ("the Trustee had the benefit of section 108 of the Bankruptcy Code, which effectively gave the Trustee two more years from the date of the filing of the Debtors' bankruptcy cases to sue on any claims that were timely on the day the underlying bankruptcy petition was filed"). Orly's bankruptcy case was filed on July 12, 2019 (Compl. ¶16), hence the analysis is whether the alleged malpractice claim was timely on that date.

65 N.Y.2d 736, 738 (1985)).  It is well-established that, "[g]enerally, an attorney may only be

held liable for 'ignorance of the rules of practice, failure to comply with conditions precedent to

suit, or for his neglect to prosecute or defend an action.'"  *Id.* (quoting *Bernstein v. Oppenheim &*

*Co.*, 160 A.D.2d 428, 430 (1st Dep't 1990)); *see also WGH Communs. v. Penachio Malara LLP*,

Case No. 19 Civ. 2230 (LTS) (SLC), 2020 U.S. Dist. LEXIS 221869, at *10-11 (S.D.N.Y. Nov.

24, 2020) (same); *Joseph DelGreco & Co. v. DLA Piper L.L.P.*, 899 F. Supp. 2d 268, 276

(S.D.N.Y. 2012) (same).  The "selection of one among several reasonable courses of action does

not constitute malpractice."  *Rosner*, 65 N.Y.2d at 738.

30.     The Complaint includes only vague, conclusory assertions of negligence.  In

connection with the 2008 and 2014 Actions, the Trustee alleges that ZEK failed to pursue

unspecified discovery.  Those  threadbare allegations are insufficient to state a claim for relief

"plausible on its face" (*Ashcroft*, 556 U.S. at 678) and are entirely too vague and ambiguous

(*Esposito v. Chestnut*, Case No. 18 Civ. 11245 (PGG), 2020 U.S. Dist. LEXIS 86981, at *30-31

(S.D.N.Y. May 16, 2020) (dismissing malpractice claim that "contain[ed] only short and vague

statements about the alleged acts or omissions of [plaintiff's] lawyers")).

31.     Further, to the extent they are comprehensible, the Complaint's allegations are

demonstrably false, as evidenced by the records of the Disputed Actions.  For example, rather

than having "failed to pursue sufficient discovery" in the 2008 Action (Compl. ¶14),  the docket

shows that ZEK zealously pursued discovery, including opposing Sagi's motion to quash Orly's

discovery demands and filing a cross-motion to compel discovery (Sullivan Decl. Exhibit B, Dkt.

No. 9 with exhibits 1-65) and bringing a motion to supplement the record with newly-acquired

information (*Id.*, Dkt. No. 21).  Likewise, in the 2014 Action, rather than "fail[ing] to take any

discovery" (Compl. ¶15), the docket shows several submissions by ZEK related to its discovery

efforts.  *See*, *e.g.*, the letter of ZEK on behalf of Orly, dated September 17, 2014 (Sullivan Decl.

Exhibit Q), in which ZEK details its discovery efforts which included, *inter alia*, several subpoenas including a subpoena served on Dalia. Perhaps most telling is the District Court's decision in the 2014 Action.  Sullivan Decl. Exhibit F at fn. 8 (Judge Forrest refers to "the considerable amount of discovery in this case.").

32.    Against this record, the Trustee makes no effort to plead how ZEK's discovery efforts were unreasonable or "below the ordinary and reasonable skill and knowledge" standard. *Cf. Brookwood Cos., Inc. v. Alston & Bird LLP*, 146 A.D.3d 662, 667 (1st Dep't 2017) (dismissing malpractice claim because complaint did not include facts to support plaintiff's claim that attorney's evidentiary decision was unreasonable).

33.    Nor does the Trustee state what facts would have been obtained in this supposed additional discovery that would have changed the outcome.  Indeed, the Trustee fails to state what fact, admission, or nugget of information that deposition would have revealed (beyond that which had already been revealed in any of the many other depositions already taken of Dalia in the numerous other iterations of the Genger family litigation saga).  Instead, the Trustee offers only a conclusory allegation that Sagi obtained summary judgment due to ZEK's failure to seek discovery necessary to defend against the motion.  *Id.*

34.    The Trustee's criticism of the 2009 Action fares no better. The Trustee alleges, "for example," that ZEK drafted a complaint that focused on certain wrongdoing, rather than on some other act of generically described misconduct.  Compl. ¶13.  Yet the Trustee fails to identify what claim was omitted from the ZEK-drafted, 16-count Second Amended Verified Complaint, Sullivan Decl. Exhibit P, much less that such omission amounts to professional negligence.  Indeed, a fair reading of the Trustee's Complaint is that it "essentially alleges either an error of judgment or a selection of one among several reasonable courses of action," while also admitting that the chosen course of action was successful.  Compl. ¶13.  Thus, the Trustee

"fails to state a claim for malpractice." *Windsor Sec.*, 2019 U.S. Dist. LEXIS 55685, at *19-20

(internal quotation omitted); *Rosner*, 65 N.Y.2d at 738 ("selection of one among several

reasonable courses of action does not constitute malpractice.").

35.     In sum, the Complaint fails to plead adequately that ZEK has acted negligently

and, to the extent identifiable, the Complaint's allegations are contradicted by the record of the

underlying litigations.

### C.  The Complaint fails to state proximate causation

36.     Even if the Complaint contained factual allegations that could establish

negligence, which it does not, the Trustee has not come close to adequately alleging that ZEK's

conduct proximately caused Orly to lose any claims or to incur any damages.

37.     The causation prong requires a plaintiff to explain that "but for the attorney's

negligence, what would have been a favorable outcome was an unfavorable outcome." *Even

Street Prods., Ltd. v. Shukat Arrow Hafer & Weber, LLP*, 643 F. Supp. 317, 322 (S.D.N.Y.

2008) (internal quotation omitted).  "The causation requirement, seeks to insure a tight causal

relationship exists between the claimed injuries and the alleged malpractice, and demands a

nexus between loss and injury . . . ." *Id.*

38.     The Second Circuit has explained that "[t]o establish proximate cause, 'the client

must meet a case within a case requirement,' and must demonstrate that a reasonable fact-finder

could conclude that a 'reasonable fact-finder in the underlying suit would have arrived at a

different result but for the attorney's negligence.'" *Rubens v. Mason*, 527 F.3d 252, 255 (2d Cir.

2008) (quoting *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10

A.D.3d 267 (1st Dep't 2004) and *Rubens v. Mason,* 387 F.3d 183, 189 (2d Cir. 2004)); *see also

Dweck Law Firm, LLP v. Mann*, 283 A.D.2d 292, 727 N.Y.S.2d 58, 59-60 (1st Dep't 2001)

("[T]he client must plead specific factual allegations establishing that but for counsel's deficient

representation, there would have been a more favorable outcome to the underlying matter."). A failure to plead proximate cause "mandates the dismissal of a legal malpractice action, regardless of the attorney's negligence." *Brooks v. Lewin*, 21 A.D.3d 731 (1st Dep't 2005).

39.     The Complaint completely fails to plead facts showing that, but for ZEK's allegedly deficient professional representation, Orly would have obtained a more favorable outcome in any of the Disputed Actions. Apart from conclusory allegations that ZEK's conduct was the cause of (undefined and unspecified) damages, the Complaint does not attempt to demonstrate how a "reasonable fact-finder in the underlying suit would have arrived at a different result but for [ZEK]'s negligence." *Rubens*, 527 F.3d at 255; *see also Duran v. Moody*, Case No. 11 Civ. 6155 (LTS)(JLC), 2012 U.S. Dist. LEXIS 97977, at *9 (S.D.N.Y. July 11, 2012) ("The Complaint does not offer anything more than conclusory assertions that his claims against the hotel and condominium management were meritorious; nor does it allege facts sufficient to show how Defendants' allegedly negligent conduct resulted in the loss of his claim").

40.     This point merits emphasis. The Trustee criticizes ZEK's alleged failure to pursue discovery in the 2008 and 2014 Actions. But the Trustee fails to allege what that discovery might have revealed, much less demonstrate how that discovery would have altered the outcome. Similarly, the Trustee's ephemeral, "information and belief" allusion to Sagi's paying "himself millions" is hardly the stuff of a professional malpractice claim, especially against the acknowledged reality that in the 2009 Action ZEK successfully prosecuted Sagi for breach of fiduciary duty.

41.     Further, "[w]here a plaintiff, on his own or through subsequent counsel, has 'sufficient time and opportunity' to adequately protect his rights, any alleged negligence by the former counsel cannot proximately cause that plaintiff's injury." *Prout v. Vladeck*, 316 F. Supp.

3d 784, 806 n.13 (S.D.N.Y. 2018) (citing *Hufstader v. Friedman & Molinsek, P.C.*, 150 A.D.3d 1489, 1490 (3d Dep't 2017)).  Here, KBT very publicly began to represent Orly—as lead counsel—in the Disputed Actions in January 2015[7] and, according to the Trustee (Compl. ¶ 12), promptly began "researching the history of the Genger litigations" and "learning that there had been serious flaws with ZEK's litigation strategies."  Thus, Orly, through her successor counsel, had sufficient time and opportunity to adequately protect her rights and ZEK's alleged negligence could not have proximately caused Orly's damages.

### D.  The Complaint fails adequately to allege damages

42.     The final element of a malpractice claim is damages: the Trustee must plead that Orly "suffered actual and ascertainable damages."  *Prout*, 371 F. Supp. 3d at 162.  The damages element is closely related to the causation element "because if causation is lacking, it can frequently be said that there are no damages."  *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 395 (S.D.N.Y. 2000).  "The rule for proof of damages in legal malpractice is stringent . . . '[m]ere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a prima facie case in malpractice.'"  *Id*. (quoting *Luniewski v. Zeitlin*, 188 A.D.2d 642, 643 (2d Dep't 1992)); *Prout*, 371 F. Supp. 3d at 162 ("'Mere speculation about a loss resulting from an attorney's poor performance is insufficient to sustain a prima facie case of legal malpractice'") (internal quotation omitted).  Further, "[t]he loss attributable to malpractice must be real and not hypothetical, and the damages must be readily measurable in economic terms," meaning that the malpractice claim fails where damages are "too speculative and incapable of being proven with any reasonable certainty."  *Schweizer*, 93 F. Supp. 2d at 395-96 (quoting *Zarin v. Reid & Priest*, 184 A.D.2d 385, 388 (1st Dep't 1992)); *see also Bua v. Purcell & Ingrao, P.C.*, 99 A.D.3d 843

---

[7] It goes without saying—and we assume will not be disputed—that KBT and its partners began professionally advising and counselling Orly well before they formally appeared in and took control of the Disputed Actions, including their assumption of the role of lead counsel during the January 2015 bench trial in the 2008 Action.

(2d Dep't 2012) ("Conclusory allegations of damages or injuries predicated on speculation

cannot suffice for a malpractice action . . . and dismissal is warranted where the allegations in the

complaint are merely conclusory and speculative") (internal citations omitted); *Pellegrino v.

File*, 291 A.D.2d 60, 63 (1st Dep't 2002) ("speculative damages cannot be a basis for legal

malpractice" and "[c]onclusory allegations of damages also are insufficient").

43.     As demonstrated above, the Trustee cannot establish proximate causation and, for

that reason alone, there are no damages.  *Cf. Schweizer*, 93 F. Supp. 2d at 395.

44.     Further, the Complaint makes only conclusory allegations regarding purely

speculative damages.  *See*, *e.g.*, Compl. ¶13 ("Orly . . . could have recovered much more if ZEK

had pursued other potential claims"); ¶14 ("Orly was successful in prevailing on her fraud

claim . . . but damages . . . were relatively de minimis when prejudgment interest is discounted,

and should have been in the millions of dollars"); and ¶27 ("Orly was damaged . . . in an amount

to be determined at trial but in all events no less than many millions of dollars.").  None of these

allegations demonstrate "actual or ascertainable damages" necessary for a malpractice claim—

they are purely speculative and not "readily measurable in economic terms."  Thus, they are

insufficient to establish the element of damages.

## IV.    Amendment Will Be Futile

45.     The Trustee purports to initiate this action subject to a "Reservation of Rights" to

amend.  Any right to amend is subject to Fed. R. Civ. P. 15(a)(B), which provides the plaintiff

with twenty-one days after service of the instant motion to amend or not.  We respectfully urge

the Court to reject any attempt by the Trustee to expand this Rule.  *See CVR Energy, Inc. v.

Wachtell, Lipton, Rosen & Katz,* No. 14-cv-6566 (RJS), 2019 U.S. Dist. LEXIS 228774, at *16

(S.D.N.Y. Oct. 9, 2019), *aff'd*, 830 F. App'x 330 (2d Cir. 2020) (rejecting "attempts at piecemeal

pleading, whereby [the Trustee] hopes to eventually cobble together an adequate complaint

under the Court's guidance.").

46.     Indeed, in light of the relevant statute of limitations, any amendment would be

futile.  *Esposito*, 2020 U.S. Dist. LEXIS 86981, at *32 (denying leave to amend because the

malpractice claim was time-barred); *CVR Energy*, 830 F. App'x at 334 (affirming the district

court's denial of leave to amend on futility grounds).

## Conclusion

47.     For the foregoing reasons, defendants Zeichner Ellman & Krause LLP

respectfully requests that the Court (i) dismiss the Trustee's Complaint with prejudice; (ii)

immediately close the Adversary Proceeding; and (iii) grant Zeichner Ellman & Krause LLP

such other and further relief as is just and appropriate.

Dated:  New York, New York              **SULLIVAN & WORCESTER LLP**
        September 17, 2021

                                        By: /s/ Michael T. Sullivan
                                            Michael T. Sullivan
                                            Anna Lea Setz
                                        1633 Broadway
                                        New York, New York 10019
                                        Telephone: (212) 660-3000
                                        Facsimile:  (212) 660-3001
                                        msullivan@sullivanlaw.com
                                        asetz@sullivanlaw.com

                                        *Attorneys for*
                                        *Defendants Zeichner Ellman & Krause LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re                                                    Chapter 7

ORLY GENGER,                                             Case No. 19-13895 (JLG)

                                    Debtor.

-------------------------------------------------------------X

DEBORAH J. PIAZZA, as Successor CHAPTER 7
TRUSTEE, of the Bankruptcy Estate of Orly
Genger,

                                  Plaintiff,

                                                  Adv. Pro. No. 21-01172 (JLG)

        -against-

ZEICHNER ELLMAN & KRAUSE LLP,

                                  Defendant.

-------------------------------------------------------------X

## [PROPOSED] ORDER GRANTING DEFENDANT
## ZEICHNER ELLMAN & KRAUSE LLP'S MOTION TO DISMISS

      Upon the Motion to Dismiss of defendant Zeichner Ellman & Krause LLP (the

"Motion"); and upon consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Reference M-431, dated January 31, 2012 (Preska, C.J.); and venue being proper before this

Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been provided; and upon all evidence presented at the hearing on the Motion

before this case dated December 9, 2021, and it appearing that no other or further notice need be

provided; and the Bankruptcy Court having determined that there exists just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor:

      IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED in its entirety.

2.      The adversary proceeding commenced by Plaintiff, Adv. Proc. No. 21-01172

(JLG), is hereby DISMISSED with prejudice and shall be immediately closed.

3.      The Clerk of Court and the Defendant are authorized to take all actions necessary

to effectuate the relief granted in this Order in accordance with the Motion.

4.      The Bankruptcy Court retains exclusive jurisdiction with respect to all matters

arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____ __, 2021

_____
Hon. James L. Garrity, Jr.
United States Bankruptcy Judge